IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN CONQUEST, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| CAMBER CORPORATION, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff John Conquest (referred to as "Plaintiff" or "Conquest") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Camber Corporation (referred to as "Defendant" or "Camber"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.    Conquest's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum

wage, and record keeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Camber Corporation violated the FLSA by employing Conquest and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Camber Corporation violated the FLSA by failing to maintain accurate time and pay records for Conquest and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Conquest brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in the San Antonio Division of the Western District of Texas.

## III.  Parties

8.      Conquest is an individual who resides in Coos County, Oregon and who was employed by Camber during the last three years.

9.      Defendant Camber Corporation is a Delaware corporation that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.  Alternatively, if the registered agent of Camber Corporation cannot with reasonable diligence be found at the company's registered office, Camber Corporation may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.      Whenever it is alleged that Camber committed any act or omission, it is meant that the Camber's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Camber or was done in the routine and normal course and scope of employment of Camber's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11.      Camber purports to "provide[] misson-critical engineering and technical services to Aerospace & Defense, National Security, and International government and commercial customers at over 100 locations worldwide."  It does business in the territorial jurisdiction of this Court.

12.      Camber employed Conquest as a gunsmith from approximately May 2007 until approximately July 2013.

13.      During Conquest's employment with camber, he was engaged in commerce or in the production of goods for commerce.

14.     During Conquest's employment with Camber, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

15.     Camber paid Conquest on an hourly basis.

16.     During Conquest's employment with Camber, he regularly worked in excess of forty hours per week.

17.     Camber knew or reasonably should have known that Conquest worked in excess of forty hours per week.

18.     Camber did not pay Conquest overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

19.     Camber knew or reasonably should have known that Conquest was not exempt from the overtime requirements of the FLSA.

20.     Camber failed to maintain accurate time and pay records for Camber and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

21.     Camber knew or showed a reckless disregard for whether its pay practices violated the FLSA.

22.     Camber is liable to Conquest for his unpaid overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

23.     All gunsmiths employed by Camber are similarly situated to Conquest because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Camber pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

24.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

25.     During Conquest's employment with Camber, he was a nonexempt employee.

26.     As a nonexempt employee, Camber was legally obligated to pay Conquest "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

27.     Camber failed to pay Conquest for the hours he worked over forty in a workweek at one and one-half times his regular rate.

28.     Instead, Camber paid Conquest at his straight time rate in violation of 29 U.S.C. § 207(a)(1).

29.     If Camber classified Conquest as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

30.     Camber knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.   In other words, Camber willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

31.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

32.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

33.     In addition to the pay violations of the FLSA described above, Camber also failed to keep proper time records as required by the FLSA.

## VII.  Count Three—Collective Action Allegations

34.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

35.     On information and belief, other employees have been victimized by Camber's violations of the FLSA identified above.

36.     These employees are similarly situated to Conquest because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

37.    Camber's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

38.    Since, on information and belief, Conquest's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

39.    All employees of Camber, regardless of their rates of pay, who were not paid at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All gunsmiths employed by Camber during the last three years.

40.    Camber is liable to Conquest and the other gunsmiths for the difference between what it actually paid them and what it was legally obligated to pay them.

41.    Because Camber knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Conquest and the other gunsmiths their unpaid overtime wages for at least the last three years.

42.    Camber is liable to Conquest and the other gunsmiths in an amount equal to their unpaid overtime wages as liquidated damages.

43.    Camber is liable to Conquest and the other gunsmiths for their reasonable attorneys' fees and costs.

44.     Conquest has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

45.     Conquest demands a trial by jury.

## IX.  Prayer

46.     Conquest prays for the following relief:

a.  An order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.  Judgment awarding Conquest and the other gunsmiths all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.  Prejudgment interest at the applicable rate;

d.  Postjudgment interest at the applicable rate;

e.  All such other and further relief to which Conquest and the other gunsmiths may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _s/ Melissa Moore_____
    Melissa Moore
    State Bar No. 24013189
    Curt Hesse
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
JOHN CONQUEST**