IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN CONQUEST, individually, and on behalf of all others similarly situated, | ) ) ) ) | CV. NO. 5:13-cv-1108-DAE |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| CAMBER CORPORATION, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY
<u>PENDING RESOLUTION OF MOTION TO DISMISS</u>

   Before the Court is Defendant Camber Corporation's Motion to Stay

Discovery Pending Resolution of Motion to Dismiss (Dkt. # 15), to which Plaintiff

John Conquest filed a Response (Dkt. # 17.)  For the reasons that follow, the Court

**GRANTS** Defendant's Motion to Stay Discovery.[1]

<u>BACKGROUND</u>

   Plaintiff John Conquest filed a putative collective action lawsuit against

Defendant Camber Corporation on December 5, 2013, alleging that Defendant

violated the Fair Labor Standards Act, 29 U.S.C. §§ 201–209 ("FLSA"), by failing

_____

[1] Pursuant to Local Court Rule 7(h), the Court finds this matter suitable for
disposition without a hearing.

1

to pay him overtime hours worked in excess of forty hours per workweek.  (Dkt. # 1 ¶¶ 24–30.)  Defendant did not file an Answer.  Instead, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff's claims are moot after Defendant tendered an offer of judgment pursuant to Rule 68.  (Dkt. # 14 at 5–14.)

<u>DISCUSSION</u>

In support of its request for a temporary stay of discovery, Defendant argues that it would be wasteful of the parties' resources to conduct discovery prior to the court entering an order addressing the pending motion to dismiss, especially because Defendant asserts jurisdictional challenges.   (Dkt. # 15 at 3.)  Plaintiff John Conquest counters that employees' claims under the FLSA continue to "die daily" until each putative plaintiff files his or her written consent to take part in the action under 29 U.S.C. § 216(b).  (Dkt. # 17 at 2.)  According to Plaintiff, "a stay pending resolution of Camber's Motion to Dismiss would erode the claims of putative class members with each passing day."  (<u>Id.</u>)

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  <u>Petrus v. Bowen</u>, 833 F.2d 581, 583 (5th Cir. 1987).  A district court properly exercises this discretion to stay discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c).  Good cause exists when the party from whom discovery is sought shows that it

would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay.  Id.  To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997); see also Von Drake v. Nat'l Broad. Co., Inc., No. 3-04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'" (quoting Landry v. Air Line Pilots Ass'n Int'l AFL-CIO, 901 F.2d 404, 436 (5th Cir. 1990))).

Defendant has met its "good cause" burden.  Without commenting on the merits of Defendant's jurisdictional arguments in its Motion to Dismiss, the Court notes that if it did grant Defendant's Motion, the need for discovery would be eliminated because the Court would not have jurisdiction.  See Sapp v. Mem. Hermann Healthcare Sys., 406 F. App'x 866, 871 (5th Cir. 2010) (affirming district court's decision to stay discovery when questions of law suggest that the case may not reach a determination on the merits).  When balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility that Defendant's Motion to Dismiss will be granted and entirely eliminate the need for such discovery, this Court finds that a temporary stay is appropriate.

3

It is true, however, that a stay of discovery is not appropriate when it could prevent a party from "having a sufficient opportunity to develop a factual base for defending against a dispositive motion." See, e.g., Kutilek v. Gannon, 132 F.R.D. 296, 298 (D. Kan. 1990). But Plaintiff does not argue that discovery is necessary to develop facts to help defend against Defendant's Motion to Dismiss for lack of jurisdiction. Plaintiff only ambiguously asserts that his claims "die daily." (Dkt. # 17 at 2.) Absent the necessity to develop a factual basis, the Court finds that a stay of discovery pending resolution of the legal issues addressed in Defendant's Motion to Dismiss is warranted. See Smith v. Potter, 400 F. App'x 806, 813 (5th Cir. 2010) (affirming district court's decision to stay discovery when pending motion to dismiss addressed issues "largely legal rather than factual in nature").

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay Discovery. (Dkt. # 15.) However, the stay will be **automatically lifted** once the Court rules on Defendant's Motion to Dismiss (Dkt. # 14).

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, January 13, 2014.

David Alan Ezra
Senior United States Distict Judge

4